## Commonwealth v. Toney.

*Criminal law — Possession of dog by unnaturalized foreigner — Act of May 24, 1923.*

Under the Act of May 24, 1923, §§ 901-903, P. L. 359, forbidding an unnaturalized foreign-born resident to own or be possessed of a dog of any kind, and providing that *prima facie* evidence of such illegal ownership or possession is supplied by possession outside of a building or by the presence of the dog in a building, etc., occupied or controlled by such foreign-born resident, a defendant cannot be convicted where it clearly appears that the dog was the property of his minor son, who was born in the United States, and who acquired the dog as a gift from a neighbor.

Appeal from summary conviction. Q. S. Lehigh Co., June Sess., 1926, No. 99.

*D. M. Garrahan*, for appellant.

*H. W. Helfrich*, Assistant District Attorney, contra.

RENO, P. J., Nov. 22, 1926.—The case is before us upon an appeal from a summary conviction proceeding, wherein defendant was adjudged guilty of possessing a dog in violation of the Act of May 24, 1923, §§ 901-903, P. L. 359. The defendant is an unnaturalized foreign-born resident of Lehigh County. Upon the premises occupied by him is a dog, which, according to the undisputed evidence, is the property of defendant's minor son, who was born in the United States and who acquired the dog as a gift from a neighbor. The question is whether defendant has violated the act by permitting the son's dog to be upon premises occupied by defendant.

The act (section 902) forbids "any unnaturalized foreign-born resident to either own or be possessed of . . . a dog of any kind," and provides (section 902) that "the possession . . . of a dog of any kind, at any place outside of buildings, by an unnaturalized foreign-born resident shall be *prima facie* evidence of a violation of the provisions of this article," and that "the presence . . . of a dog of any kind in a room or house or building or tent or camp of any description occupied or controlled by an unnaturalized foreign-born resident shall be *prima facie* evidence that such . . . dog is owned or controlled by the person occupying or controlling the property in which the same is found, and shall render such person liable to the fines imposed by this article." That is, the ownership or possession of a dog is unlawful, and *prima facie* evidence, but only *prima facie* evidence, of such illegal ownership or possession is supplied by possession outside of a building or by the presence of a dog in a building, etc., occupied or controlled by an unnaturalized foreign-born resident.

It follows, then, that, there being a dog upon premises occupied and controlled by defendant, he is *prima facie* guilty of violating the act. But having shown by testimony which the Commonwealth does not dispute that the dog in fact is not owned by him nor possessed by him, is not the *prima facie* case overcome? We confess to considerable reluctance in answering this question

Commonwealth v. Toney.

in the affirmative; for such answer, it seems, provides an easy method whereby unnaturalized foreign-born residents may have dogs upon their premises. Yet, try as we will, we cannot come to any other conclusion than that so well and lucidly stated by Judge Copeland in Com. v. Gatti, 29 Dist. R. 537, a case similar to the one at bar, except that the dog in this case, being under six months of age, has not been taxed. Accordingly, the reasoning of that case must control the decision here.

This matter should be called to the attention of the legislature, which should enact legislation which will cover the situation here presented. Unquestionably, the legislative intent was to prohibit the presence of dogs upon premises of unnaturalized foreigners, and the legislation should plainly interdict that act and penalize it instead of making it merely *prima facie* evidence of an offence.

Now, Nov. 22, 1926, the judgment of the alderman is reversed and the defendant is discharged.          From Edwin L. Kohler, Allentown, Pa.